# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DR. VICTOR ANDREW APODACA SR.,

    Petitioner,

vs.                                                                            No. 1:18-cv-00671-KWR-CG

MARK BOWEN, WARDEN
GEO ADMIN, ACC WARDEN
MRS. SUSANA HUTCHISON,
ACCOUNTANT MRS. BRENNAN
GEO GROUP INC.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus filed by Petitioner Dr. Victor Andrew Apodaca Sr. (Doc. 10) ("Petition"). The Court will dismiss the Petition for failure to state a claim for relief.

### I. Factual and Procedural Background

In his Petition, Petitioner Victor Andrew Apodaca states that his habeas corpus proceeding is "[t]o clear violation of the Attorneys General and New Mexico Corrections Department Order Freedom of Information Act 552." (Doc. 1 at 1). As grounds for his Petition, Apodaca alleges:

> "Ground One: I have civil actions against the New Mexico Corr. Dept. and its subcontractors Geo Group Inc. and Certere. I am attempting to get the contracts between said partys The Attorney General has order N.M.C.D. to comply NMCD Order Geo Group to comply They will not obey these requested copies for Plaintiff this I believe Criminal Complaint or at the very best Contempt and obstruction of due process.
> . . .
> Ground Two: That Geo Group has violated my 1st Amendment rights by way of Duran Decree Settlement by way of not allow my legal materials religious material and legal books journals etc. and Bibles TORAHS in clear violation of established Freedom of Speech equal protections and

1

>   5th and fourteenth Amendment violations under the U S Const. and
>   that of New Mexico."

(Doc. 1 at 3, 5).

In connection with Ground One, Apodaca states that a paralegal at the correctional facility allowed him access to view the contents of the contracts, but that he was told he would not be allowed copies because he has a $300 prison debt and would need to pay for the copies. (Doc. 1 at 4). With respect to Ground Two, he claims that he was sent a copy of George Town Legal Journal and a Christian Bible, but they were rejected. (Doc. 1 at 5). He does not indicate why he was not allowed to receive the Journal or Bible or how not receiving them deprived him of any constitutional right. (Doc. 1 at 5). Apodaca's prayer for relief asks the Court "to order by way of injunction or criminal contempt as they refusal of acting under orders by (A.G.) or that of (N.M.C.D.). (Doc. 1 at 10). Petitioner Apodaca does not provide any factual specificity for or evidence of the alleged A.G. or N.M.C.D. orders.

## II.  Analysis of Petitioner Apodaca's Claims

Petitioner Apodaca filed this proceeding as a habeas corpus case under 28 U.S.C. § 2241. (Doc. 1). A proceeding under § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody. *Preiser, Correction Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973). Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.

A § 2241 petition "attacks the execution of a sentence rather than its validity." *Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir.2011) (quotations omitted). A proper § 2241 petition concerns "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the

2

conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir.1997) (omission in original) (quoting *Rhodes v. Hannigan,* 12 F.3d 989, 991 (10th Cir.1993)). "'It is well-settled law that prisoners who wish to challenge only the conditions of their confinement ... must do so through civil rights lawsuits ... not through federal habeas proceedings.'" *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (omissions in original) (quoting *Standifer,* 653 F.3d at 1280). Thus, to state a claim under § 2241, a petitioner must challenge the fact or duration—and not the conditions—of confinement. *Lawrence v. Oliver*, 602 F. App'x 684, 687 (10th Cir. 2015).

In this case, Petitioner Apodaca does not challenge the fact or duration of his confinement but, instead challenges his prison conditions. Apodaca's petition addresses the alleged failure of prison officials to provide him with copies of documents and to allow him to possess certain legal and religious materials. (Doc. 1 at 3, 5). He does not allege he should be immediately released or that any prison official has impermissibly increased the duration of his sentence. His petition seeks only injunctive relief or an order of criminal contempt. (Doc. 1 at 10). Even under a liberal construction of Petitioner's claims, he has failed to allege a valid basis for a § 2241 petition. *See, e.g., Lawrence v. Oliver*, 602 F. App'x at 687–88. The Petition fails to state a § 2241 claim for relief.

The Court could construe Petitioner's filing as a prisoner civil rights complaint under 42 U.S.C. § 1983. *McIntosh v. U.S. Parole Comm'n,* 115 F.3d at 812. In reviewing a pro se filing, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft


legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff Apodaca is a frequent litigator in this Court and has demonstrated the ability to distinguish between habeas corpus proceedings and § 1983 civil rights cases. *See* Nos.: CV 15-00061 JAP/LF; CV 16-00096 MV/LF; CV16-01227 WJ/GJF;  CV 18-00108 MV/SMV; CV 18-00504 MV/SCY; CV 19-00147 WJ/JFR; CV 19-00348 JCH/KRS; CV 19-00388 JB/GJF; CV 19-00571 JCH/GBW; CV 19-01209 WJ/KBM.  The Court declines to characterize his § 2241 filing as a civil rights complaint.

Further, even if the Court were to construe the Petition as a civil rights complaint, it still fails to state a § 1983 claim on which relief can be granted.. In order to state a § 1983 claim for relief, a plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). To succeed under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008)

(emphasis in the original). Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of unnamed employees. *Ashcroft v. Iqbal,* 556 U.S.at 676.

Apodaca does name individual defendants. However, the two claims asserted in his Petition make generalized assertions and do not identify who is alleged to have done what to whom. (Doc. 1 at 3, 5).  *See Robbins v. Oklahoma,* 519 F.3d at 1249-50.  Nor does Apodaca specify how any individual's actions caused a deprivation of constitutional rights.  *Trask v. Franco*, 446 F.3d 1036, 1046.  Instead Apodaca makes bare allegations that he was not allowed to make copies of governmental contracts in violation of the Freedom of Information Act and was not allowed to receive largely unspecified legal and religious materials in violation of the *Duran* Consent Decree. (Doc. 1 at 3, 5).  His Petition fails to state any § 1983 claim against a government official.  *Ashcroft v. Iqbal,* 556 U.S.at 676.

Nor, to the extent he complains about the actions of governmental or private entities, does his Complaint assert a sufficient § 1983 claim. An entity defendant cannot be held liable for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monnell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir.2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Instead, an entity, such as a correctional facility or prison management group, is liable under § 1983 only where the employee's unconstitutional conduct occurred while he was carrying out a policy or custom established by the entity, and there is a direct causal link between the policy or custom and the injury alleged. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir.1993) (internal citation omitted)). Apodaca does not allege the existence of any entity policy or custom and Apodaca's

allegations are insufficient to state a § 1983 claim for relief.  *Ashcroft v. Iqbal,* 556 U.S. at 676.

### III.  The Court Will Deny Leave to Amend

The Petition makes generalized allegations against governmental entities and seeks injunctive relief, rather than seeking habeas corpus relief (Doc. 1 at 3-5). As a result, the Petition fails to state a sufficient claim for relief under 28 U.S.C. § 2241.  Because his allegations would never support habeas corpus relief, the Court will deny leave to amend as futile.  *Hall v. Bellmon,* 935 F.2d at 1109.  However, the Court will dismiss his claims in this case without prejudice to filing of a new civil rights case.  The Court also notifies Apodaca that, if he does file a new civil rights complaint, the Court will require him to pay the civil filing fee of $402.00 or file an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(b)(1).

**IT IS ORDERED** the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus filed by Petitioner Dr. Victor Andrew Apodaca Sr.  (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to filing of a new civil rights case, and judgment will be entered.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE